## BALTIMORE & OHIO EXPRESS CO. v. W. P. COOPER.

EXPRESS COMPANIES. *Contracts limiting liability, when not enforced. Notice of loss.*

A condition in the receipt given by an express company for goods to be transported, "that the company shall not be liable for any loss or damage, unless the claim therefor shall be presented to them in writing at this office within thirty days after this date," has no application, and will not be enforced, where the claim for damage is for negligence by the office which issued the receipt in not promptly forwarding the goods.

FROM the circuit court of Clarke county.

HON. S. H. TERRAL, Judge.

This action was brought by appellee against the Baltimore & Ohio Express Company for damages sustained because of the negligent failure of said company to promptly forward an article delivered to it for shipment. Appellee was the owner of a saw-mill in Clarke county, and on Friday, January 20, 1888, delivered to the agent of the appellant at Pachuta a certain piece of iron casting, known as a cross-head of an engine, to be forwarded to the Progress Manufacturing Company, at Meridian. This article was essential to the running of the appellee's engine and saw-mill operated by it, and having broken was being sent to said manufacturing company to be repaired. It was shown that the manufacturing company devoted only two days of each week to casting, viz., Wednesday and Saturday, and that it had contracted with appellee to recast the broken article on Saturday, January 21, and return it the same day. The agent of the express company was informed by appellee at the time of the delivery of the article for shipment that it was important that it be sent on the next train, passing Friday night.

Through the negligence of the agent of the express company at Pachuta, the article was not forwarded until Sunday, January 22, and could not be repaired and returned to appellee until the following Thursday. This suit is instituted to recover the loss sustained by appellee on account of the enforced idleness of his mill and hands during this delay.

The receipt issued by the express company for the article when received for transportation contained among other stipulations the following condition :   " In no event shall the express company be liable for any loss or damage, unless the claim therefor shall be presented to them in writing at this office, within thirty days after this date, in a statement to which this receipt shall be annexed."   Appellee did not give the notice required by this clause, but wrote to the traveling auditor of the express company advising him of his loss, and subsequently in conversation with him mentioned it, and no objection was made for lack of formal notice.

Under the instructions of the court, appellee had judgment for the amount paid to idle hands for three days, and the fair rental value of the mill during the same time, and from this judgment the express company appealed.

*D. W. Heidelberg,* for appellant.

The condition in the receipt that the claim for damages should be presented to the office issuing the receipt within thirty days was valid.   *Southern Express Co.* v. *Hunnicutt,* 54 Miss. 566. It is not contended that the claim was ever presented in writing, in the manner stipulated.   The letter, which the proof shows was written to the traveling auditor of the company, did not meet the requirement, even if it was proved that it was ever received.   The subsequent verbal consultation with the auditor was not a compliance with the agreement.   The agent at the receiving office was the most suitable person to be notified, as he was the one to investigate the delay and damage.   So plaintiff is barred by his failure to give the notice contracted to be given.

*T. A. Wood,* for appellee.

Even if it was necessary, in this case of negligence, to give notice of the claim for damage to the office issuing the receipt, the provision was waived by the traveling auditor of the express company, who, in conversation with plaintiff, made no objection to the informal notice of the loss, which he admitted he received.

Campbell, J., delivered the opinion of the court.

The only point made by the appellant deserving special mention

is that the claim for the loss or damage was not presented in writing at the office which issued the receipt, etc., in accordance with a condition contained in it ; and our view is that this condition is not applicable to this case, because the claim here sued on is for damages for negligence by that office in not sending forward the article named, and there was no necessity to bring to the notice of the company at that office the claim for what that office was fully cognizant of, its negligence having caused the loss.

*Affirmed.*